UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No. 16-mj-30520

v.                                     HON. ELIZABETH A. STAFFORD

CHRISTOPHER C. FINKLEY,

       Defendant.

_____/

**United States' Sentencing Memorandum**

Defendant Christopher Finkley stands convicted of simple assault in violation of 18 U.S.C. § 113(a)(5). For the reasons stated in this memorandum, the United States recommends a sentence of imprisonment for thirty days to be followed by six months of supervised release. Such a sentence is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

I.  **Facts and procedural history**

On July 27, 2016, defendant Christopher Finkley boarded a Delta flight from Myrtle Beach, South Carolina, to Detroit, Michigan, and sat in his assigned seat in first class. Within forty minutes of take-off, a flight attendant observed him masturbating with his penis exposed.

Before the plane landed, the defendant went to the back of the plane to use the bathroom because the first class bathroom was out of order. On his way back from the bathroom, he sat in an empty seat next to an adult woman (the "victim" or "AV-1"). The victim was seated in the window seat, so the defendant sat in the aisle seat. Shortly after the defendant sat down, he placed his hand on the victim's upper thigh and began to rub her bare skin. While he was doing this, the defendant told her that he "liked white women" and asked "where's your man?" The victim told him to "please stop" and stated "my kids are behind me." The defendant continued to touch the victim's bare thigh and told her that he was massaging her leg.

Again, the victim asked the defendant to stop. He then put a part of his hand underneath AV-1's shorts and continued to touch her. When the defendant realized the flight was landing shortly, he returned to his seat. After his return, he

resumed rubbing his exposed penis, this time observed by a second flight attendant.

Upon landing, AV-1 immediately texted her daughter and told her to stay in her seat because she was scared. The defendant was taken into custody and interviewed by FBI Special Agent Michael Thomas and Detective John Carmona. During this interview, he admitted that he had two drinks before and during the flight. Initially, he stated that he did not intend to expose himself and that he was not masturbating—that the zipper of his shorts must have come down and he was attempting to zip it back up when the flight attendant walked by. The officers advised defendant of the statements that others made on the scene, and that he could be prosecuted for making false statements under 18 U.S.C. § 1001. The defendant then admitted that he likes to sit with his hands in his pants and massage his penis, and called this "his happy place." He stated that on the flight, he thought he was covered with a blanket while doing this, but he guesses that he was not covered up well enough. He stated that he did not mean for the flight attendants to see his penis but that it is possible that they did. Defendant then admitted to touching AV-1 on the outside of her knee and making a "caressing motion."

Immediately after the incident, the victim was too distraught to make a statement. Officers reported that she was visibly upset and crying. The victim later explained that she was especially distraught because her fourteen-year-old daughter was supposed to sit in the seat that she occupied, but she had switched with her prior to the flight taking off. The victim feared that this could have happened to her daughter. She now suffers from anxiety when flying.

The defendant received two violation notices, one for indecent exposure and one for simple assault. The defendant has already settled his indecent exposure violation. On November 2, 2016, the defendant appeared before this Court and pleaded guilty to simple assault in violation of 18 U.S.C. § 113(a)(5) without a plea agreement. At the hearing, the defendant denied masturbating on the flight and denied exposing his penis. He only admitted to touching AV-1's leg. He stated to the Court that his zipper had broken, that he does not wear underwear, and explained that this is why his penis may have been exposed.

The Court set sentencing for March 28, 2017 at 2:00 p.m.

## II.     Discussion: Section 3553(a) factors

The defendant faces a maximum of six months imprisonment and/or a $5,000 fine.  The Court may impose a term of supervised release of not more than one year.  He is eligible for up to five years of probation.  Based on the Section 3553(a) factors, the government recommends a sentence of imprisonment for thirty days followed by six months of supervised release.

### a.     The nature and circumstances of the offense

This is a serious offense.  The defendant touched a woman on her bare thigh, putting parts of his hand underneath her shorts, without that woman's permission.  The defendant continued to do so after the victim told him to stop.  The victim feared for her safety and for the safety of her children.  That this offense took place on an airplane only escalates its severity.  The victim did not have the ability to get up and walk away with the defendant seated in the aisle seat blocking her path.  She was effectively trapped.

### b.     The history and characteristics of the defendant

Finkley is a forty-one-year-old man with no prior criminal history.  (PSR ¶¶ 13, 17).  He completed high school and has held relatively steady employment as a commercial truck driver since 2007.  (PSR ¶¶ 25-28).  He is married with two children.  (PSR ¶ 45).  He denies any history of mental health or emotional health

problems. (Id). However, he did admit to the FBI that his "happy place" is to massage his penis with his hands and has, at least on this occasion, done so in public.

### c. Seriousness of the offense, promotion of respect for the law and just punishment for the offense, and adequate deterrence and protection of the public

As noted above, the circumstances of the defendant's offense and its impact on this victim should not be taken lightly. Despite the fact that he pleaded guilty, the defendant failed to take responsibility for his actions and disrespected this Court with his patently dishonest statements regarding his broken zipper. Not only do these statements present a far-fetched scenario—they directly contradict the statements he made to law enforcement.

The defendant must be deterred. A custodial sentence of thirty days will reflect the seriousness of the defendant's conduct, promote respect for the law, and provide a just punishment that adequately addresses the lasting effects the defendant's behavior caused the victim. Members of the public deserve to be free from the fear that they could be assaulted on an airplane.

### e. Providing defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; kinds of sentences available and the need to avoid unwarranted sentencing disparities

The government recommends that a sentence of supervised release follow a sentence of imprisonment. The defendant may wish to take advantage of the various

programs and resources the United States Probation Department has to offer, including mental health treatment and counseling to tackle his wholly inappropriate actions.

### III. Conclusion

The United States recommends a sentence of imprisonment for thirty days, followed by six months of supervised release.

Respectfully submitted,

DANIEL L. LEMISCH
Acting United States Attorney

*s/Amanda Jawad*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9116
E-Mail: amanda.jawad@usdoj.gov

Dated:  March 22, 2017

**Certificate of Service**

I certify that on March 22, 2017, I electronically filed the United States' Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following:

    Collen P. Fitzharris
    Attorney for Defendant

    s/*Amanda Jawad*
    Assistant U.S. Attorney
    United States Attorney's Office